FILED
United States Court of Appeals
Tenth Circuit

October 14, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL JOSEPH PARRISH-
PARRADO,

         Petitioner - Appellant,

v.

DOUG WADDINGTON; DAVID
FERRIS; LARNED CORRECTIONAL
FACILITY; KANSAS PAROLE
BOARD, a/k/a Prison Review Board;
STATE OF KANSAS; KANSAS
DEPARTMENT OF CORRECTIONS,,

         Respondents - Appellees.

No. 15-3176
(D.C. No. 5:14-CV-03178-SAC-DJW)
(D. Kansas)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **LUCERO** and **McHUGH**, Circuit Judges.

Petitioner Daniel Parrish-Parrado, a Kansas inmate appearing pro se,[1] seeks a

certificate of appealability (COA) to challenge the district court's dismissal of his

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Parrish-Parrado appears pro se, we construe his filings liberally. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

application for relief under 28 U.S.C. § 2241. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Mr. Parrish-Parrado brought a mixed petition, alleging both habeas corpus claims and claims relating to the conditions of his confinement. Specifically, Mr. Parrish-Parrado argued he was entitled to habeas relief under 28 U.S.C. § 2241 because he was wrongfully denied parole.  He also brought a variety of claims challenging the conditions of his confinement. Pursuant to 28 U.S.C. § 636(b)(1), the petition was referred to a magistrate judge for initial processing. As to Mr. Parrish-Parrado's habeas claims, the magistrate judge determined that the petition failed to demonstrate Mr. Parrish-Parrado had exhausted his state court remedies. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) (holding that a state prisoner "seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies" or demonstrate that exhaustion would be futile). The magistrate judge directed Mr. Parrish-Parrado to file a supplemental petition addressing the exhaustion issue.

Regarding the challenges to the conditions of confinement, the magistrate judge determined that the claims were not properly brought pursuant to a habeas petition. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." (citation omitted)). The magistrate judge issued an order to show

2

cause why Mr. Parrish-Parrado's remaining claims should not be dismissed from the habeas action.

Mr. Parrish-Parrado filed an amended petition, which was considered by the district court. Despite the magistrate judge's instruction to address the issue of exhaustion of state court remedies, the amended petition failed to do so. Accordingly, the district court dismissed Mr. Parrish-Parrado's habeas claims without prejudice. In addition, the district court dismissed the remaining claims because they were not cognizable in a habeas petition. Mr. Parrish-Parrado now appeals.

On appeal, Mr. Parrish-Parrado pursues both his habeas and civil rights claims. As we understand his petition, he again challenges the denial of parole, as well as certain conditions of his confinement. But Mr. Parrish-Parrado has again failed to address the required exhaustion of his state court remedies. *See Wilson*, 430 F.3d at 1118. As such, we cannot grant him habeas relief. *See Thacker v. Workman*, 678 F.3d 820, 838–39 (10th Cir. 2012). Moreover, we agree that Mr. Parrish-Parrado's remaining challenges to the conditions of his confinement cannot properly be brought in a habeas petition. *See Palma-Salazar*, 677 F.3d at 1035. Instead, Mr. Parrish-Parrado must bring these claims as a civil rights action. *Id.*

Because Mr. Parrish-Parrado has failed to demonstrate that he exhausted his state court remedies for his habeas claims and because his remaining claims are not properly

brought in a habeas action, we deny his request for a COA and dismiss the appeal.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge

4